

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2006

# In Re: Ossie Trader

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4519

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Ossie Trader " (2006). *2006 Decisions*. Paper 91.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/91

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**\*AMENDED DLD-44**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4519
_____

IN RE: OSSIE ROBERT TRADER,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 06-cv-04220)
_____

Submitted Under Rule 21, <u>Fed. R. App. P.</u>
November 9, 2006

BEFORE:   BARRY, AMBRO AND FISHER, <u>CIRCUIT JUDGES</u>

(Filed December 14, 2006)

_____

OPINION
_____

PER CURIAM

      Ossie Robert Trader, a federal inmate, petitions for a writ of mandamus

pursuant to 28 U.S.C. § 1651 requiring the District Judge to act on his petition for a writ

of habeas corpus filed on September 21, 2006, and a bail motion filed on October 17,

2006.[1]

Mandamus is a drastic remedy granted only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). The petitioner must establish that she has "no other adequate means" to obtain relief and that she has a "clear and indisputable" right to issuance of the writ, and the reviewing court must determine that the writ is appropriate under the circumstances. Id. at 378-79. District courts are generally given discretion over management of their dockets. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982). Only when undue delay is tantamount to a failure to exercise jurisdiction does it provide grounds for issuance of a writ of mandamus. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Trader filed the instant mandamus petition in this court on October 25, 2006, just 34 days after filing his petition for habeas corpus in District Court and eight days after filing the bail motion. Such routine delay falls well short of what might support issuance of a writ of mandamus by this Court.[2] See id. (more than 130 days without ruling on a Magistrate Judge's Report and Recommendation regarding a petition

---

[1] We construe Trader's "Motion Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, Citation of Supplemental Authorities" as a motion to expand the scope of his mandamus petition and grant it only to the extent that it seeks to include the bail motion in his mandamus petition. In all other respects the motion is denied.

[2] Even if we were to construe Trader's petition for a writ of mandamus as relating to the August 4, 2006, motion brought under Federal Rule of Civil Procedure 60(b)(6) that is pending in his criminal case (E.D. Pa. Crim. No. 94-cr-00534), the time elapsed clearly would not amount to undue delay.

2

for writ of habeas corpus not grounds for issuing writ of mandamus).

For the foregoing reasons, the petition for a writ of mandamus is denied in its entirety.